IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 05-cv-01557-WYD

GEORGE DOCKINS,

      Applicant,

v.

MICHAEL J. GAINES,
EDWARD F. REILLY, JR.,
JOHN R. SIMPSON,
TIMOTHY E. JONES, in their official capacities as Commissioners of the U.S. Parole
Commission, and
JOSEPH V. SMITH, Warden,

      Respondents.

_____

## ORDER DENYING 28 U.S.C. § 2241 APPLICATION

_____

Applicant George Dockins was a prisoner in the custody of the United States

Bureau of Prisons (BOP) and was incarcerated at the Federal Detention Center in

Philadelphia, Pennsylvania, when he initiated this action on January 3, 2005, by filing

*pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the

United States District Court for the Eastern District of Pennsylvania (Eastern District of

Pennsylvania).  He subsequently was transferred to the Federal Correctional Institution

in Englewood, Colorado.

On July 11, 2005, the Eastern District of Pennsylvania ordered the habeas

corpus petition transferred to this court.  On August 15, 2005, the action was

transferred to this court pursuant to the July 11 order.  Mr. Dockins has paid the $5.00

filing fee.  On September 23, 2005, I ordered the respondents to show cause by return on or before October 14, 2005, why the application for writ of habeas corpus should not be granted.  On October 13, 2005, the respondents, through counsel, submitted their return to the habeas corpus application.  On February 24, 2006, the respondents submitted a motion to dismiss the application as moot because on October 21, 2005, Mr. Dockins was released on parole.

On February 28, 2006, I ordered Mr. Dockins to submit a response to the respondents' motion to dismiss.  On March 13, 2006, the copy of the February 28 order mailed to Mr. Dockins was returned to the court as undeliverable.  On March 16, 2006, I ordered the clerk of the court to remail the February 28 order to Mr. Dockins at the only other address the court had on file.  I also allowed Mr. Dockins twenty days in which to respond to the February 28 order.  On March 21, 2006, in response to Mr. Dockins' notice of change of address filed with the court on March 20, 2006, I directed the clerk of the court to remail the February 28 and March 16 orders to Mr. Dockins at his new Memphis, Tennessee, address, and I allowed him twenty days to respond to the February 28 order.  On March 27, 2006, Mr. Dockins submitted a response to the February 28 order.  On March 28, 2006, I ordered the respondents to reply to the March 27 response.  On April 27, 2006, the respondents replied to the March 27 response.

I must construe the habeas corpus application and the March 27 response liberally because Mr. Dockins is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I

2

should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing is not necessary.  For the reasons stated below, the habeas corpus application will be denied as moot.

Through his habeas corpus application, Mr. Dockins sought an order from this court requiring the United States Parole Commission to provide him with a parole hearing in order to be granted parole.  As previously stated, the respondents allege that on October 21, 2005, Mr. Dockins was granted parole.  His October 21 release from Federal Bureau of Prisons' custody was conditioned upon his reporting to Bannum Place, a community corrections center in Tupelo, Mississippi.  He failed to report as directed.  The parole commission issued a warrant for his arrest.  On March 13, 2006, he was arrested in Memphis, Tennessee, on the warrant.  His parole subsequently was revoked.  Mr. Dockins is awaiting a new parole hearing on the charges that he violated his parole.  Therefore, he is in custody on new charges and not in custody on the charges related to the instant habeas corpus application.  *See Maleng v. Cook*, 490 U.S. 488 (1989) (case is moot because habeas petitioner no longer is in custody and is unable to show any remaining, collateral consequences).

Generally, a federal court may not issue a decision absent a live case or controversy.  *See Mills v. Green*, 159 U.S. 651, 653 (1895).  Specifically, a case becomes moot when it becomes "impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills*, 159 U.S. at 653).  Mootness occurs when there is no reasonable expectation that the violation complained of will recur and where interim

events or relief have completely eliminated the effects of the alleged violation.  *See*

*County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).  Because Mr. Dockins has

been granted the relief he sought in the instant action, i.e., release on parole, the

habeas corpus application contending that he did not receive a timely parole hearing

will be denied as moot.  Accordingly, it is

　　　ORDERED that the habeas corpus application is **DENIED AS MOOT**, and the

action is **DISMISSED WITH PREJUDICE**.  It is

　　　FURTHER ORDERED that each party shall bear his own costs and attorney's

fees.

　　　Dated:  May 19, 2006

　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　s/ Wiley Y. Daniel
　　　　　　　　　　　　　　　　　Wiley Y. Daniel
　　　　　　　　　　　　　　　　　U. S. District Judge